UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
GOLDEN ELPIDA S.A.,

                                      Plaintiff,        08 CV 7320(DC)

-v-

                                                         **VERIFIED COMPLAINT**

RG TRADE ALLIANCE LTD a.k.a. RG TRADE
ALLIANCE LIMITED – UK and RG GRAIN TRADE LLP,

                                      Defendants.
------------------------------------------------------------------x

        Plaintiff, GOLDEN ELPIDA S.A. (hereinafter "GOLDEN ELPIDA"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendants, RG TRADE ALLIANCE LTD (hereinafter "RG TRADE") and RG GRAIN TRADE LLP ("RG GRAIN TRADE") alleges upon information and belief as follows:

### JURISDICTION

        1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

        2.     At all times material hereto, Plaintiff, GOLDEN ELPIDA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Panama, with principal place of business at Panama.

        3.     At all times material hereto, Defendant, RG TRADE, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of the United Kingdom, with a principal place of business at: The Business

Centre, 758 Great Cambridge Road, Enfield, Middlesex, EN1 3PN, United Kingdom and/or Cornwall Buildings, 45-51 Newhall Street, Office 330, Birmingham, West Midlands, B3 3QR, United Kingdom.

 4. At all times material hereto, Defendant, RG GRAIN TRADE, was and still is a foreign business entity duly organized and existing pursuant to the laws of the United Kingdom, with a principal place of business at: The Business Centre, 758 Great Cambridge Road, Enfield, Middlesex, EN1 3PN, United Kingdom.

## AS A FIRST CAUSE OF ACTION

 5. On or about June 24, 2008, GOLDEN ELPIDA, as owners of the M.V. GOLDEN ELPIDA, and RG TRADE, as charterers, entered into an amended SYNACOMEX 2000 charter party agreement for the carriage of grain up to full and complete cargo from Kherson, Ukraine to Med Egypt range, at the Charterers' option.

 6. This SYNACOMEX charter party agreement is a maritime contract.

 7. Pursuant to the terms and conditions agreed between the parties in the charter party contract, GOLDEN ELPIDA and RG TRADE agreed to, among other things, the payment of demurrage to GOLDEN ELPIDA and the arbitration of disputes arising out of the maritime contract.

 8. In accordance with the parties' agreement, GOLDEN ELPIDA delivered the MV GOLDEN ELPIDA at Kherson on June 26, 2008 and tendered Notice of Readiness on the same day. The vessel berthed on June 27, 2008 and loading of the cargo was completed on June 30, 2008.

9. Following the completion of loading, on June 30, 2008, the vessel was detained at Kherson as a result of RG TRADE's inability to pay the value of the cargo. The vessel was detained from June 30, 3008 until July 5, 2008, resulting in total time lost on detention of 5 days and 30 minutes.

10. As a result of RG TRADE's failure to fulfill its obligations in accordance with the parties' agreement, an outstanding balance of detention in the amount of US $20,083.20 is due and owing to GOLDEN ELPIDA.

11. Despite demands by GOLDEN ELPIDA to RG TRADE and RG TRADE's promises to pay for detention in a timely manner, RG TRADE, in breach of the terms of the June 24, 2008 SYNACOMEX charter party agreement, has failed, neglected and/or otherwise refused to pay plaintiff for such detention.

12. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$10,000.00.

13. In accordance with the terms of the agreement, disputes arising out of the agreement are to be resolved by way of maritime arbitration proceedings held before arbitrators who are experts in maritime matters. GOLDEN ELPIDA has appointed its arbitrator and demanded RG TRADE to proceed to arbitration with this matter. To date, RG TRADE has failed to acknowledge GOLDEN ELPIDA's appointment of an arbitrator and, additionally, has failed to counter-appoint a nominee within the designated fourteen (14) day period.

14. As best as can now be estimated, the Plaintiff GOLDEN ELPIDA expects to recover the following amounts in London arbitration from Defendant RG TRADE:

| | | |
|---|---|---|
| A. | Principal claim | |
| | Demurrage: | *$ 20,083.20* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 5,015.10* |
| C. | Estimated attorneys' fees: | *$ 15,000.00* |
| D. | Estimated arbitration costs/expenses: | *$ 10,000.00* |
| | **Total Claim** | **$ 50,098.30** |

15. Therefore, GOLDEN ELPIDA's total claim for breach of the maritime contract against Defendant is in the aggregate US$50,098.30.

16. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant RG TRADE and Defendant RG GRAIN TRADE that no separation exists between them and the corporate form of Defendant RG GRAIN TRADE has been disregarded such that Defendant RG TRADE primarily transacted the business of Defendant RG GRAIN TRADE.

17. Upon information and belief, at all material times, Defendant RG TRADE, operated in the name of Defendant RG GRAIN TRADE such that Defendant RG TRADE was the beneficial owner of Defendant RG GRAIN TRADE.

18. Upon information and belief, RG GRAIN TRADE holds itself out as a subsidiary within the RG TRADE network.

19. Upon information and belief, RG TRADE and RG GRAIN TRADE are each one of several entities which is operated, controlled and managed as a single economic enterprise known as RG TRADE.

20. Upon information and belief, among the entities which comprise the RG TRADE network, including RG GRAIN TRADE, there is a commonality of control and management centered with RG TRADE and an overlap of officers, directors and employees.

21. Upon information and belief, at all material times, Defendant RG TRADE and Defendant RG GRAIN TRADE, have overlapping ownership, management, personnel and purposes such that Defendant RG TRADE and Defendant RG GRAIN TRADE do not operate at arms length.

22. Upon information and belief, at all material times, Defendant RG TRADE and Defendant RG GRAIN TRADE, have had common addresses, common contact information such that the Defendant RG TRADE has no independent corporate identity from Defendant RG GRAIN TRADE.

23. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant RG TRADE and Defendant RG GRAIN TRADE.

24. Upon information and belief, at all material times, Defendant RG TRADE has dominated, controlled and used Defendant RG GRAIN TRADE for its own purposes such that there is no meaningful difference between the entities.

25. Upon information and belief, at all material times, Defendant RG TRADE has disregarded the corporate form of Defendant RG GRAIN TRADE to the extent that

Defendant RG TRADE, was actually carrying on RG GRAIN TRADE's business and operations as if the same were its own, or vice versa.

26. Upon information and belief, Defendant RG TRADE utilizes the Defendant RG GRAIN TRADE, to transfer funds through, to and from the Southern District of New York on its behalf.

27. Upon information and belief, there are reasonable grounds to conclude that the Defendant RG GRAIN TRADE is the alter-ego of Defendant RG TRADE and, therefore, Plaintiff GOLDEN ELPIDA has a valid prima facie *in personam* claim against Defendant RG GRAIN TRADE based upon alter ego liability.

## BASIS FOR ATTACHMENT

28. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

29. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House

Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of US $50,098.30, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

  C. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
   August 18, 2008

              CHALOS & CO
              Attorneys for Plaintiff
              GOLDEN ELPIDA S.A.

By: _____
              George M. Chalos (GC-8693)
              123 South Street
              Oyster Bay, New York 11771
              Tel: (516) 714-4300
              Fax: (866) 702-4577
              Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GOLDEN ELPIDA S.A.,

                          Plaintiff,   08 CV 7320(DC)

-v-
                                                        **VERIFICATION OF**
                                                        **COMPLAINT**

RG TRADE ALLIANCE LTD a.k.a. RG TRADE
ALLIANCE LIMITED – UK and RG GRAIN TRADE LLP,

                        Defendants.
-----------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, GOLDEN ELPIDA S.A., herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
      August 18, 2008

                                      CHALOS & CO, P.C.
                                      Attorneys for Plaintiff
                                      GOLDEN ELPIDA S.A.

                    By: _____
                                      George M. Chalos (GC-8693)
                                      123 South Street
                                      Oyster Bay, New York 11771
                                      Tel: (516) 714-4300
                                      Fax: (866) 702-4577
                                      Email: gmc@chaloslaw.com